FILED

2014 JAN 15 PM 12: 40

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                CASE NO. 8:14-CR-10T35MAP
                                           18 U.S.C. § 1341
PAUL LITTLE                                18 U.S.C. § 981(a)(1)(C) - Forfeiture
                                           18 U.S.C. § 2461(c) - Forfeiture

## INFORMATION

The Acting United States Attorney charges:

### COUNT ONE

#### A. Introduction

At all times material to this Information:

1. Paul Little was a resident of Port Richey, Florida, and worked in customer and technical support at Stream Global Services in Tampa, Florida.

2. Stream Global Services (hereinafter "Stream") was located in Tampa, Florida, and, among other things, provided sales, customer support, and technical support to a variety of companies, including Dell.

3. Dell was a Texas-based provider of computers and computer equipment.

## B. The Scheme

4.      Beginning on a date unknown to the Acting United States Attorney, but at least from on or about November 2009, and continuing through on or about January 22, 2013, in the Middle District of Florida, and elsewhere,

### PAUL LITTLE,

the defendant herein, did knowingly and willfully devise, and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and did utilize the United States mail and private and commercial interstate carriers, in violation of Title 18, United States Code, Section 1341.

## C. Manner and Means of the Scheme

5.      The manner and means by which defendant Little sought to accomplish the scheme and artifice to defraud included, among other things, the following:

        a.      It was part of the scheme that starting from in or around November 2009, and continuing through in or around January 2013, defendant Little would, and did, place service requests via online chats to Dell posing as Dell customers and using stolen service tag numbers to which he had access as part of his employment at Stream.

        b.      It was further part of the scheme that the defendant would, and did, falsely claim during the online service chats that computers or computer

equipment associated with the stolen tag numbers were malfunctioning and required replacement.

  c. It was further part of the scheme that the defendant would, and did, instruct Dell to ship some replacement computers and computer equipment to addresses under his control in the Middle District of Florida via interstate commercial carriers, specifically FedEx.

  d. It was further part of the scheme that the defendant would, and did, use a variety of addresses to receive the stolen computer equipment and avoid detection.

  e. It was further part of the scheme that the defendant would, and did, sell the stolen Dell computer equipment that he received on Ebay at a reduced price receiving payment via PayPal.

  f. It was further part of the scheme that defendant would, and did, misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

### D. Execution of the Scheme

6. On or about January 22, 2013, in the Middle District of Florida and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud,

PAUL LITTLE,

the defendant herein, knowingly caused to be delivered by a commercial interstate carrier, a matter or thing according to the direction thereon, specifically a FedEx package containing a Dell 1.86 GHZ Pentium hard drive delivered to his residence on Oakdale Avenue in Port Richey, Florida.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE

1.  The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  From his engagement in the violations alleged in Count One of this Information, the defendant,

PAUL LITTLE,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any real or personal property constituting or derived from proceeds obtained directly or indirectly as a result of the defendant's violations. The specific property to be forfeited includes a money judgment of at least $80,486.13.

3.  If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or,

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A. LEE BENTLEY, III
Acting United States Attorney

By: _____
AMANDA L. RIEDEL
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section